# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                               CRIMINAL NO. 11-CR-20199

vs.                                       HONORABLE LAWRENCE P ZATKOFF

D-1 DEON RICHARDSON,

    Defendant.

_____/

## ORDER

This case is scheduled for Jury Selection on October 6, 2011, at 9:00 A.M. On October 5, 2011, at 2:36 P.M., Defendant filed a Motion for Production of Evidence Pursuant to Fed. R. Evid. 404(b) and for Adjournment of Trial [dkt 32]. Because of the timing of the Motion, the Court does not find that waiting for a response from the Government is necessary. The facts and legal arguments are adequately presented in Defendant's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted. For the reasons set forth below, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

On April 27, 2011, Defendant filed a Motion for Discovery and Inspection in which he requested any evidence regarding other crimes, wrongs, or acts that the Government intended to introduce pursuant to Fed. R. Evid. 404(b). In its response to Defendant's discovery motion, the Government advised that it had not identified any 404(b) evidence. The parties then purportedly resolved the discovery issues outlined in the motion pursuant to a stipulation. On June 3, 2011, the

Court entered an order adjourning the final status conference and plea cut-off date for sixty-days from June 9, 2011, until August 11, 2011, at the request of the Government and Defendant. On August 11, 2011, the parties appeared for the final status conference. No plea was entered by Defendant. The parties mutually agreed that jury selection would be held on October 6, 2011, and that trial would start on October 11, 2011.

On September 28, 2011, counsel for Defendant received a letter from the Government that its confidential informant, who may testify at trial, had met Defendant on occasions different from those alleged in the Indictment. According to Defendant, this information was not disclosed in any of the discovery material from the Government. The letter further advised that the confidential informant had purchased controlled substances from Defendant while the confidential informant was working for the Drug Enforcement Administration ("DEA"). Counsel for Defendant was advised that discovery material related to this new evidence would be provided and that the evidence may constitute Fed. R. Evid. 404(b) evidence. On October 3, 2011, counsel for Defendant was informed by the Government that there were no DEA investigative reports related to the alleged purchases while the confidential informant purportedly worked for the DEA, and counsel for Defendant was not provided with the general nature of the alleged purchases as required by Fed. R. Evid. 404(b).

On October 5, 2011, the day before Jury Selection, Defendant filed the instant motion at 2:36 P.M. requesting the disclosure of the evidence regarding the Government's confidential informant and an adjournment of trial due to the Government's recent letter indicating such evidence. Alternatively, Defendant requests that the Government be barred from introducing any such evidence regarding purchases of controlled substances that the confidential informant made with Defendant prior to the incidents alleged in the Indictment to the extent it falls within Fed. R.

Evid. 404(b) due to the Government's failure to provide reasonable notice that it would introduce such evidence at trial.

Pursuant to Fed. R. Evid. 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." The rule does provide for a limited exception. Such evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* To introduce evidence under this exception, the prosecution "shall provide reasonable notice in advance of trial" of the general nature of such evidence to the accused, if the accused requested such discovery. *Id.*

In this case, the Court finds that the Government has completely failed to comply with the requirements of Fed. R. Evid. 404(b). Counsel for Defendant made the request for discovery related to any evidence under Fed. R. Evid. 404(b) on April 27, 2011. Yet, the Government failed to notify Defendant's counsel until eight business days before trial is scheduled to begin of its intent to introduce the evidence regarding the Government's confidential informant. Moreover, as of October 5, 2011, (the day before jury selection) the Government still has failed to provide Defendant with discovery concerning these acts. Such notice is not "reasonable notice in advance of trial" when the parties were well aware of the jury selection date and trial date and mutually agreed that such dates were adequate. Furthermore, the parties provided joint-jury instructions to the Court on September 30, 2011. As such, the Government's totally unreasonable notice in this case and failure to disclose the discovery materials preclude it from offering any evidence through its confidential informant as Fed. R. Evid. 404(b) evidence.

Having precluded any such evidence from being presented at trial, the Court need not order

the Government to disclose the evidence to Defendant and adjourn the trial so that Defendant can review such evidence. As such, Defendant's request that the Government be barred from introducing evidence regarding purchases made by its confidential informant under Fed. R. Evid. 404(b) is granted, but Defendant's request for disclosure of such evidence and adjournment of trial is denied.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Production of Evidence Pursuant to Fed. R. Evid. 404(b) and for Adjournment of Trial [dkt 32] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 6, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290